Charles W. Bundy was duly appointed receiver of the Triplett Lumber Company, a corporation. The allegations in the complaint are to the effect that the Triplett Lumber Company owned sundry accounts, setting forth from whom and the amounts, due it, aggregating the sum of $13,020. That the defendant had filed a claim with plaintiff receiver, *Page 340 
claiming that the Triplett Lumber Company owed it $12,051.40, and also claiming to be the owner of the accounts above referred to and demanding from the debtors that the amounts be paid to defendant and not to plaintiff receiver. That in consequence of these conflicting demands the debtors were uncertain to whom to pay and by delay in collecting there might be loss. "That the plaintiff is fearful lest a large part of said accounts will be lost or the value thereof destroyed unless they are promptly and speedily collected; that, unless the defendant is restrained and enjoined from continuing its demands and notices, the plaintiff will be unable to collect said accounts without the necessity of instituting separate suits against each one of the said debtors, although the plaintiff is informed and believes that any rights which the defendant may have against any or all of said accounts rest upon the same basis, and that, to force this plaintiff to institute separate suits against each of the said debtors, will be a useless and unnecessary waste and expense." That defendant be restrained from collecting the accounts and plaintiff receiver be ordered to collect same; and "that the defendant be ordered and directed to assert in said receivership proceedings any right, title or interest which it may have, or claim, into or against, said accounts, or any of them."
Defendant in its answer admits it claims to be the owner of the sundry accounts under a contract made by it and the Triplett Lumber Company, on 29 September, 1926, and sets forth a copy of the contract. It claims that the sundry accounts were purchased in due course of business for value. It admits that it has notified the debtors to pay the sundry accounts to it as defendant owns them. That under the above contract no title to the account passed to plaintiff as receiver and prayed that the restraining order be denied.
The matter came on for hearing before Judge A. M. Stack on 2 April, 1929, and a consent order was agreed to and plaintiff ordered to collect the sundry accounts. "That the rights of the plaintiff and defendants attach to the proceeds arising from the collection of said accounts in the same way and manner as they now attach to said accounts themselves; and that, after said accounts have been collected by the receiver, as herein authorized and directed, both parties shall then present all the facts to the court and the rights of the parties, in and to the proceeds from the collection of said accounts, shall then be fully determined, and the rights of either party in and to said proceeds shall not in any way be prejudiced by the entry of this order. This cause is retained for further orders."
On 22 August, 1929, plaintiff, upon motion and by consent of defendant, was allowed to file an amendment to the complaint and defendant allowed 30 days in which to file an answer. It may be noted that in the *Page 341 
consent order no mention is made of a demurrer, but no advantage is taken of it. The amended complaint referred entirely to the dealings of the parties under the written contract which had theretofore been set forth in the defendant's answer. The amendment alleged, in substance, that said contract had been used by the defendant as a subterfuge to collect usurious interest from the lumber company and prayed for a full determination of the rights of the parties and an accounting of all the transactions between the parties under said contract, claiming that usury was collected to the amount of $9,915.39, and under C. S., 2306, demanding judgment for $19,830.78. Thereupon the defendant filed a demurrer to the amended complaint, first upon the ground that several causes of action had been improperly united therein, and also upon the ground that the amended complaint failed to state facts sufficient to constitute a cause of action. This demurrer was sustained, the judgment reciting further that "The causes of action set up in the amended complaint are hereby dismissed." To this judgment the plaintiff duly excepted and assigned error, and appealed to the Supreme Court.
The case presents a controversy over a question of procedure, but when we go to the heart of the matter, it would seem to be controlled by the second proposition laid down in Waters v. Garris, 188 N.C. at p. 310, as follows: "Second. In any action brought by the creditor to recover upon any usurious note or other evidence of debt affected with usury, it is lawful for the party against whom the action is brought to plead as a counterclaim or set-off, the penalties provided by the statute, to wit, twice the amount of interest paid, and also the forfeiture of the entire interest charged."
The gravamen of plaintiff's first complaint was to collect sundry accounts, as delay and controversy would entail great loss. Defendant set up the contract by which it claimed these sundry accounts. Plaintiff's amended complaint pleaded usury as a counterclaim or set-off, and demanded the penalty under the usury statute.
We think the amended complaint states facts sufficient to constitute a cause of action, and there was no misjoinder of causes of action. We will not discuss this phase, as the case goes back for trial. The judgment below is
Reversed. *Page 342